UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRANDY J. GRAHAM and | ) | |
| CHRISTOPHER M. GRAHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:03-CV-686 |
| | ) | (Guyton) |
| BLAINE'S INC., d/b/a BLAINE'S | ) | |
| GRILL & BAR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73(b)

of the Federal Rules of Civil Procedure, for all further proceedings, including entry of judgment.

[Doc. 8].  A pretrial conference was held on August 12, 2005, at which time the Court heard oral

argument on several motions in limine.

**I.      Defendant's First Motion in Limine**

Defendant's Motion in Limine [Doc. 29] is **GRANTED** to the extent that the motion

seeks to exclude any evidence or reference to the fact that witness Pedro Garcia is an illegal alien

and/or that Blaine's, Inc. knew that Mr. Garcia was an illegal alien.  With respect to evidence or

reference to the criminal history of T.J. Hutchinson, this part of the defendant's motion [Doc. 29]

is **RESERVED** and shall be ruled upon if and when the plaintiff attempts to introduce such evidence

at trial, and based on the context and purpose for which it is offered.

## II.     Defendant's Second Motion in Limine/Motion for Continuance

Defendant's Second Motion in Limine [Doc. 31] is **GRANTED**.  The plaintiff's security expert Carl G. Newby shall be prohibited from testifying or making any reference to the fact that the defendant hired illegal immigrants.  The defendant's request for a continuance [Doc. 31] is thus **DENIED AS MOOT**.

## III.     Sexual Behavior/Sexual Predisposition Evidence

The defendant seeks to offer evidence of the plaintiff Brandy Graham's prior sexual behavior and/or sexual predisposition.  Specifically, the defendant seeks to introduce evidence that the plaintiff had an extramarital affair during her marriage to the plaintiff Christopher Graham; that this affair resulted in Ms. Graham becoming pregnant; and that she subsequently gave up this child for adoption.  The defendant argues that this evidence is relevant to: (1) whether the sexual act which is the subject of this lawsuit was consensual; (2) the plaintiff's emotional status; and (3) the plaintiff's credibility, in that she allegedly made false statements under oath regarding these matters. The defendant further seeks to introduce evidence that the plaintiff engaged in sexual behavior in a public place, *i.e.*, a highway rest area, on at least one occasion.  The defendant argues that the probative value of this evidence outweighs any potential unfair prejudice to the plaintiff.

Rule 412 of the Federal Rules of Evidence provides that evidence offered to prove an alleged victim's sexual predisposition or that the alleged victim engaged in other sexual behavior is generally inadmissible.  Fed. R. Evid. 412(a).  In a civil case, such evidence may be admissible if (1) it is otherwise admissible under the Rules and (2) its probative value substantially outweighs the danger of harm to the victim and of unfair prejudice to any party.  Fed. R. Evid. 412(b).

2

Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments. The Rule seeks to achieve these goals by barring such evidence, whether offered as substantive evidence or for impeachment, except where the probative value of the evidence significantly outweighs the possible harm to the victim. Id.

The Court finds that evidence regarding the plaintiff having sex with her husband at a highway rest area is not relevant, and that any probative value that this evidence might have is substantially outweighed by the danger of harm and prejudice to Ms. Graham. The Court does find, however, that the plaintiff's extramarital affair, her illegitimate child, and the subsequent surrender of the child for adoption are relevant to the plaintiff's claims of emotional and psychological injuries, and specifically to her claim that the subject incident caused or contributed to her subsequent divorce from Mr. Graham. The probative value of this evidence substantially outweighs the danger of harm or prejudice to the plaintiff. Furthermore, to the extent that Ms. Graham may have testified falsely regarding such matters, such evidence is also admissible for the purposes of impeaching her credibility. Such evidence, however, shall not be admissible for the purposes of proving that the subject incident was consensual or that the plaintiff's actions on the night in question were otherwise in conformity with her character or any particular character trait. See Fed. R. Evid. 404(b). The plaintiff shall have leave to request an appropriate limiting instruction to the jury, if and when such evidence is offered.

For the foregoing reasons, the defendant's Motion Regarding Evidence to Prove Sexual Behavior/Sexual Predisposition [Doc. 32] is **GRANTED IN PART** and **DENIED IN PART**, consistent with this opinion.

## IV.     Plaintiff's Motion in Limine

The plaintiff moves the Court to enter an Order prohibiting any evidence, testimony or reference to the following matters at trial: (1) prior psychological treatment undergone by Ms. Graham; (2) the surrender of a child for adoption; (3) her prior use of illegal drugs; (4) the arrearage owed by the plaintiff on child support for her minor child from her first marriage; (5) her arrest and subsequent conviction for DWI in 2000; (6) the separation that occurred in 2001 between Ms. Graham and her husband; (7) profanity in Penny Clifton's written statement; (8) sex between Ms. Graham and her husband in a rest area; (9) Detective Ogle's disciplinary history and prior suit filed against him; and (10) Janet Huskey's prior marriages. [Doc. 34].

The Court finds that the plaintiff's prior psychological treatment, her surrender of a child for adoption, and her 2001 separation from Mr. Graham are issues that are relevant to the plaintiff's claims of emotional and psychological injuries.  The Court finds no basis to strike the profanity contained in Ms. Clifton's written statement.  The probative value of such evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

4

jury.  See Fed. R. Evid. 403.  Accordingly, to this extent, the plaintiff's motion [Doc. 34] is

**DENIED**.  In all other respects, the plaintiff's motion [Doc. 34] is **GRANTED**.

**IT IS SO ORDERED.**


**ENTER:**


s/ H. Bruce Guyton
United States Magistrate Judge

5